IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Mona Clark, | ) | Case No. 3:24-cv-00907-JDA |
|             Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **OPINION AND ORDER** |
| Texas Roadhouse Holdings, LLC; | ) | |
| Dubose Cleaning, LLC, | ) | |
| | ) | |
|            Defendants. | ) | |
| | ) | |

This matter is before the Court on Defendant Dubose Cleaning, LLC's ("Dubose") motion to set aside default and to dismiss for lack of subject matter jurisdiction. [Doc. 36.] For the reasons set forth below, the Court dismisses the action for lack of subject matter jurisdiction.

## **BACKGROUND**

This case arises out of an incident in which Plaintiff allegedly slipped and fell in the bathroom of a Texas Roadhouse restaurant in Columbia, South Carolina. [Doc. 26 ¶¶ 6–11.] On February 22, 2024, Plaintiff filed a Complaint against Texas Roadhouse Holdings, LLC ("Texas Roadhouse") and three other entities associated with Texas Roadhouse. [Doc. 1.]

On August 5, 2024, the Court granted Plaintiff's motion to amend her complaint to remove the three Texas Roadhouse affiliated defendants and add Dubose, a janitorial services company that allegedly cleaned the restaurant the night before the incident. [Doc. 25; *see* Doc. 26.] Plaintiff served Dubose with a copy of the Amended Complaint

on August 15, 2024,[*] and Mrs. Dubose, a co-owner of Dubose, contacted her insurance agent a few days later, who advised she would forward the pleadings to the liability insurer.  [Docs. 36-1 ¶ 9; 36-2 ¶¶ 5, 11, 15–17.]  The Clerk of Court entered default against Dubose on September 12, 2024, and counsel for Dubose made an appearance on September 23, 2024.  [Docs. 34; 35.]

On September 26, 2024, Dubose filed a motion to set aside the default, arguing that it meets the "good cause" standard of Rule 55(c) of the Federal Rules of Civil Procedure for setting aside an entry of default.  [Doc. 36 at 4–6.]  Further, because Dubose, like Plaintiff, is a citizen and resident of South Carolina, Dubose asks this Court to dismiss the action for lack of subject matter jurisdiction.  [*Id*. at 6–7.]  Defendant has not filed an opposition and the time to do so has passed.  The motion is now ripe for review.

## APPLICABLE LAW

**The Rule 12(b)(1) Standard**

A motion to dismiss under Rule 12(b)(1) examines whether the complaint fails to state facts upon which jurisdiction can be founded.  Fed. R. Civ. P. 12(b)(1).  The Court may dismiss a case for lack of subject-matter jurisdiction on any of the following bases: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Johnson v. United States*, 534 F.3d 958, 962 (8th Cir. 2008) (internal quotation marks omitted).

---

[*] Plaintiff asserts that Dubose was served on August 14, 2024.  [*See* Docs. 31; 33.]

**Subject Matter Jurisdiction**

Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). There is no presumption that a federal court has jurisdiction over a case, *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999), and a plaintiff must allege facts essential to show jurisdiction in his pleadings, *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *see also Dracos v. Hellenic Lines, Ltd.*, 762 F.2d 348, 350 (4th Cir. 1985) ("[P]laintiffs must affirmatively plead the jurisdiction of the federal court."). As such, Federal Rule of Civil Procedure 8(a)(1) requires that a complaint provide "a short and plain statement of the grounds for the court's jurisdiction."

Generally, federal district courts have original jurisdiction over two types of cases, referred to as (1) federal question cases, pursuant to 28 U.S.C. § 1331, and (2) diversity cases, pursuant to 28 U.S.C. § 1332. As to cases involving a federal question, § 1331 provides that the "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "[F]ederal question jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly-pleaded complaint." *Burbage v. Richburg*, 417 F. Supp. 2d 746, 749 (D.S.C. 2006) (internal quotation marks omitted). Diversity jurisdiction, on the other hand, requires (1) complete diversity of the parties and (2) an amount in controversy in excess of $75,000. *See* 28 U.S.C. § 1332(a). The parties are completely diverse only where "no party shares common citizenship with any party on the other side." *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1991).

**DISCUSSION**

In her Amended Complaint, Plaintiff concedes that Plaintiff and Dubose are both citizens and residents of South Carolina. [Doc. 26 ¶¶ 1, 3.] Because both Plaintiff and Dubose are citizens and residents of South Carolina, the parties are not completely diverse as required by 28 U.S.C. § 1332. Thus, this Court lacks subject matter jurisdiction over this action.

**CONCLUSION**

Wherefore, based upon the foregoing, Dubose's motion to set aside default and to dismiss for lack of subject matter jurisdiction [Doc. 36] is GRANTED IN PART. The motion is granted to the extent it seeks dismissal based on lack of subject matter jurisdiction, and Dubose's request that the Court set aside the entry to default is FOUND AS MOOT. Accordingly, this matter is DISMISSED without prejudice.

IT IS SO ORDERED.

s/Jacquelyn D. Austin
United States District Judge

October 24, 2024
Columbia, South Carolina